IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In re: DAWN RICCA ) | |
|    **Debtor** ) | |
| ) | CHAPTER 13 |
| SANTANDER CONSUMER USA INC. ) | |
|    **Moving Party** ) | Case No.: 16-16575 (MDC) |
| ) | |
|    v. ) | **Hearing Date:  8-31-17 at 11:00 AM** |
| ) | |
| DAWN RICCA ) | 11 U.S.C. 362 |
|   JOHN F. SHALKOWSKI ) | |
|    **Respondent(s)** ) | 11 U.S.C. 1301 |
| ) | |
| WILLIAM C. MILLER ) | |
|    **Trustee** ) | |
| ) | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now Santander Consumer USA, Inc. ("Santander") filing this its Motion For Relief From The Automatic Stay And Co-Debtor Stay ("Motion"), and in support thereof, would respectfully show:

1. That on September 16, 2016, Dawn Ricca filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

2. This Court has jurisdiction of the Motion by virtue of 11 U.S.C. 105, 361, 362, 1301 and 28 U.S.C. 157 and 1334.

3. On July 20, 2015, the debtor and the co-debtor John Shalkowski entered into a retail installment contract for the purchase of a 2012 Buick Verano bearing vehicle identification number 1G4PS5SK4C4168253.  The contract was assigned to Santander Consumer USA Inc. and the debtors became indebted to Santander in accordance with the terms of same.  Santander Consumer USA Inc. is designated as first lien holder on the title to the vehicle and holds a first purchase money security interest in the vehicle.   A true copy of the contract and title inquiry to the vehicle are annexed hereto as Exhibits A and B.

4. As of July 25, 2017, the debtor's account with Santander had a net loan balance of $16,359.73.

5. According to the July 2017 NADA Official Used Car Guide, the vehicle has a current retail value of $10,425.00.

6. The debtors' account is past due from March 1, 2017 to August 1, 2017 with arrears in the amount of $2,552.94.

7. Santander Consumer USA Inc. alleges that the automatic stay and co-debtor stay should be lifted for cause under 11 U.S.C. 362(d)(1) and 11 U.S.C. 1301 in that Santander lacks adequate protection of its interest in the vehicle as evidenced by the following:

(a) The debtor is failing to make payments to Santander and is failing to provide Santander with adequate protection.

(b) Santander has been unable to verify that the vehicle is insured; if the debtor contests this Motion, she must provide Santander with proof of valid, current insurance on the vehicle by the date of the hearing.

WHEREFORE PREMISES CONSIDERED, Santander Consumer USA Inc. respectfully requests that upon final hearing of this Motion, (1) the automatic stay will be terminated as to Santander to permit Santander to seek its statutory and other available remedies; (2) that the co-debtor stay will be terminated as to Santander to permit Santander to seek its statutory and other available remedies; (3) that the stay and co-debtor stay terminate upon entry of this Order pursuant to the authority granted by Fed.R.Bank.P., Rule 4001(a)(3) and (4) Santander be granted such other and further relief as is just.

Respectfully submitted,

/s/ William E. Craig
William E. Craig
Morton & Craig LLC
110 Marter Avenue, Suite 301
Moorestown, NJ 08057
Phone: 856/866-0100, Fax: 856/722-1554
Attorney ID: 92329
Local Counsel for Santander Consumer USA Inc.